1
2
3
4
5
6
7
8

9                   UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12   STRIKE 3 HOLDINGS, LLC,                Case No.:  20cv67-LAB-LL

13                          Plaintiff,      **ORDER DENYING DEFENDANT'S**

14   v.                                     **MOTION TO QUASH THE COX**
                                            **SUBPOENA**
15   JOHN DOE subscriber assigned IP
     address 174.65.135.19,                 **[ECF No. 9]**
16
                            Defendant.
17

18

19          Currently before the Court is Defendant's motion to quash a third-party subpoena

20   served on Cox Communication that seeks the true name and address of the subscriber

21   assigned IP address 174.65.135.19 during the time period of the alleged infringing conduct

22   described in Plaintiff's complaint. ECF No. 9. Plaintiff filed an opposition [ECF No. 13]

23   and a notice of supplemental authority [ECF No. 16]. Defendant filed a reply. ECF No. 14.

24   The Electronic Frontier Foundation filed an amicus brief in support of Defendant's motion

25   to quash. ECF No. 12-1. Having reviewed the briefs, the Court **DENIES** the motion to

26   quash the Cox Communication subpoena for the reasons set forth below.

27   / / /

28   / / /

## I.     <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff alleges that it "is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites." ECF No. 4-1 at 6.   On September 23, 2019, Plaintiff filed a complaint in equity for a pure bill of discovery in Florida state court seeking an order to subpoena Cox Communications for the names and addresses of the subscribers assigned to dozens of IP addresses, including Defendant's. Oppo. at 8–9; ECF No. 9-5 at 11–16. The Florida County Court granted the motion. Mot. at 5; ECF No. 9-6 at 2. When Defendant hired Florida counsel to quash the motion for lack of personal jurisdiction and lack of federal question jurisdiction, Plaintiff dismissed Defendant from the Florida complaint. Mot. at 5; Oppo. at 9; ECF No. 9-7.

On January 8, 2020, Plaintiff filed the complaint in this action against John Doe subscriber assigned IP address 174.65.135.19 alleging copyright infringement. ECF No. 1. Plaintiff alleges that Defendant illegally infringed by downloading and distributing fifty-three of its copyrighted movies over the BitTorrent file distribution network for an extended period of time. <u>Id.</u> at 2, 4. Plaintiff describes the BitTorrent network as a "system designed to quickly distribute large files over the Internet." <u>Id.</u> at 4. Plaintiff further alleges that Defendant, who "attempted to hide this theft by infringing Plaintiff's content anonymously," can be identified by his or her Internet Service Provider ("ISP"), Cox Communications, through his or her IP address 174.54.135.19. <u>Id.</u> at 2.

On January 28, 2020, Plaintiff filed an ex parte application seeking an order from the Court allowing it to serve a subpoena on Cox Communication seeking Defendant's true name and address pursuant to Rule 45 so that Plaintiff may serve Defendant and prosecute the claims in its complaint. ECF No. 4-1 at 7. The Court granted the ex parte application on March 10, 2020 and included provisions to protect the subscriber's privacy. ECF No. 5.

On May 17, 2020, Defendant filed this instant motion to quash. ECF No. 9-1 ("Mot."). On May 27, 2020, the Electronic Frontier Foundation moved for leave to file an amicus brief in support of Defendant's motion to quash, which the Court granted. ECF Nos. 12, 12-1 ("Amicus"), 15. On June 2, 2020, Plaintiff filed its opposition. ECF No. 13

1
2
("Oppo."). On June 9, 2020, Defendant filed a reply. ECF No. 14 ("Reply"). On July 1, 2020, Plaintiff filed a notice of supplemental authority. ECF No. 16.

3
## II.    LEGAL STANDARD

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
Under Federal Rule of Civil Procedure 45, any party may serve a subpoena commanding a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). A party cannot simply object to a subpoena served on a nonparty, but rather must move to quash or seek a protective order. Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citation omitted). Upon a timely motion, the court must quash or modify a subpoena that "fails to allow a reasonable time to comply;" "requires a person to comply beyond the geographical limits specified in Rule 45(c);" "requires disclosures of privileged or other protected matter, if no exception or waiver applies;" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).[1] The court may, on motion, quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information" or "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). "[T]he party who moves to quash a subpoena has the burden of persuasion." Strike 3 Holdings, LLC v. Doe, No. 19cv2452-JAH (LL), 2020 WL 2467067, at *2 (S.D. Cal. May 13, 2020) (citation omitted).

22
23
24
25
26
The scope of discovery of a Rule 45 subpoena is the same as the scope of discovery as specified in Rule 26(b). Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc., No. 17cv1943 LAB (JMA), 2018 WL 2387580, at *2 (S.D. Cal. May 24, 2018) ("A non-party witness is subject to the same scope of discovery under Rule 45 as is a party under

27
28
---

[1] The term "Rule" in this order refers to the Federal Rules of Civil Procedure unless specified otherwise.

20cv67-LAB-LL

Rule 34. <u>See</u> Advisory Committee Notes to 1970 Amendment to Fed. R. Civ. P. 45. Under Rule 34, the rule governing the production of documents between parties, the proper scope of discovery is as specified in Rule 26(b). Fed. R. Civ. P. 34(a).”). Rule 26(b) states the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## III.   DISCUSSION

### A.   Requests for Judicial Notice

Defendant requests that the Court take judicial notice of Exhibits 1 and 2 as opinions from federal courts; Exhibit 3 for its content as judicial estoppel against Plaintiff, but not as admission by Defendant as to liability; and Exhibit 5 (partial printout) [ECF No. 9-7] as evidence of filing a motion to quash in state court. ECF No. 9-10 at 1.

The Federal Rules of Evidence provide that judicial notice may be taken of adjudicative facts. Fed. R. Evid. 201(a). A judicially noticed fact must be one not subject to reasonable dispute because it (1) is generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). "Judicial notice of court records is routinely accepted." <u>Rowland v. Paris Las Vegas</u>, No. 3:13-CV-02630-GPC, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014).

Defendant claims that Exhibits 1 and 2 are opinions from federal courts. ECF Nos. 9-3, 9-4. Defendant claims that Exhibit 3 is Plaintiff's complaint for a pure bill of discovery in Florida state court and its corresponding motion and memorandum of points and authorities. ECF No. 9-5. Defendant claims that Exhibit 5 is a partial printout of

Defendant's motion to quash Plaintiff's third-party subpoena in Florida state court. ECF No. 9-7. The Court **GRANTS** Defendant's requests for judicial notice, but only as to their existence. <u>Rowland v. Paris Las Vegas</u>, 2014 WL 769393, at *3. Although the Court "may take judicial notice of the existence of unrelated court documents . . . it will not take judicial notice of such documents for the truth of the matter asserted therein." <u>Id.</u> (quoting <u>In re Bare Escentuals, Inc. Sec. Litig.</u>, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010)).

### B.   Motion to Quash for Unclean Hands

Defendant does not contend that the Cox Communication subpoena should be quashed because it is irrelevant or for any of the enumerated reasons in Rule 45(d). Instead, Defendant argues that the subpoena should be quashed on equitable grounds and the doctrine of unclean hands. Mot. at 2–3, 6–9. Defendant contends that before filing its complaint in this District, Plaintiff improperly filed a case in state court in Florida seeking—and obtaining—a court order to subpoena Cox Communication for Defendant's subscriber information as a "deliberate end run to avoid the jurisdiction of this Court over a copyright case." <u>Id.</u> at 2, 4–5. Defendant further contends that the purpose of "filing in the wrong court" was to avoid the protections of the Federal Rules of Civil Procedure and sending a "demand" letter that "would coerce anyone to settle before a federal claim is brought." <u>Id.</u> at 8–9. Defendant alleges that the state court subpoena for a copyright action was "legally void" and that in obtaining it, Plaintiff "made numerous materially misleading statements" to the Florida state court, including the following: (1) Plaintiff claimed that the IP addresses it sought were "all accessed by Florida Residents" even though it knew the IP addresses "geolocated" to the Southern District of California; (2) Plaintiff "lied that the amount in controversy of all complaints is $15,000.00"; and (3) Plaintiff falsely claimed that the state court had subject matter jurisdiction over copyright claims. <u>Id.</u> at 7, 4–5. Also, Defendant argues that Plaintiff failed to mention the Florida action to this Court in its ex parte application for early discovery. <u>Id.</u> at 5.

Before deciding whether the doctrine of unclean hands would serve to quash a subpoena, the Court will first address the question of whether any misconduct occurred.

"The doctrine [of unclean hands] bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 173 (9th Cir. 1989). "It is fundamental to [the] operation of the doctrine that the alleged misconduct by the plaintiff relate directly to the transaction concerning which the complaint is made." Id. (citation omitted). Therefore, if no misconduct occurred, then Defendant's motion will fail.

## 1. Misleading Statements

The Court finds that Plaintiff did not make materially misleading statements to the Florida state court in seeking a pure bill of discovery. In arguing that jurisdiction was proper in Florida state court pursuant to its long-arm statute, Plaintiff stated the following in its complaint for a pure bill of discovery: "Defendants used BitTorrent websites to access, download, and distribute Plaintiff's motion pictures that are accessible in Miami-Dade county and accessed by Florida residents using the BitTorrent protocol, and thus those tortious acts took place within Florida." ECF No. 9-5 at 12. Plaintiff expanded on the jurisdictional argument in its motion and memorandum of points and authorities ("MPA") for the pure bill of discovery to the Florida state court by contending that Florida's long-arm statute applies because the BitTorrent websites are accessible and accessed in Florida. ECF No. 9-5 at 7–8. The Court does not agree with Defendant that Plaintiff alleged that the IP addresses sought were accessed by Florida residents. The plain meaning of the text in the Florida complaint and corresponding MPA is clear that Plaintiff referred to the BitTorrent websites as being accessed in Florida.

Although the Court agrees with Defendant that Plaintiff knew the geolocation of the IP addresses at issue—including that Defendant's IP address traced to a location in San Diego—the omission of that information is not a falsehood on these facts. Plaintiff claims in the Florida MPA that the owners of the IP addresses are subject to Florida's long-arm statute, which identifies when a person who is not a citizen or resident of Florida is subject to the jurisdiction of its courts. See Fla. Stat. § 48.193; ECF No. 9-5 at 7–8. Thus, Plaintiff

implied that the owners of the IP addresses may not be Florida citizens. ECF No. 9-5 at 7–8.

The Court also finds that Plaintiff did not misstate the amount in controversy to the Florida court. Plaintiff stated in the Florida complaint that the "amount in controversy does not exceed $15,000." ECF No. 9-5 at 12. Defendant argues that this was a misstatement to the Florida court because the complaint in this Court "does not pray for a maximum amount of $15,000.00." Reply at 7–8 (citing ECF No. 1). The relevant Florida statute states that its county courts shall have original jurisdiction "[o]f all actions at law, except those within the exclusive jurisdiction of the circuit courts, in which the matter in controversy does not exceed, exclusive of interest, costs, and attorney fees: 1. If filed on or before December 31, 2019, the sum of $15,000." Fla. Stat. § 34.01(1)(c). Plaintiff argues that the pure bill of discovery asks only for a court order granting subpoenas and thus the amount of controversy is zero. See Oppo. at 14–15. In its MPA to the Florida court, Plaintiff also stated that it "intends to sue the Defendants in future federal court copyright infringement suits." ECF No. 9-5 at 8. Defendant has not cited any legal authority—and this Court has not found any—that dispute Plaintiff's assessment of its amount in controversy in a pure bill of discovery for an equitable action that it will not amend into a state court action for damages. Therefore, the Court does not find Plaintiff to have misstated the amount in controversy to the Florida court. See MSP Recovery Claims, Series LLC v. C.R. Bard, Inc., No. 18-24511-CIV, 2019 WL 2254927, at *4 (S.D. Fla. Feb. 5, 2019), report and recommendation adopted, No. 18-CV-24511-CIV, 2019 WL 3426002 (S.D. Fla. May 16, 2019) (finding that in determining the amount in controversy, the value of injunctive or declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted" as measured from the plaintiff's perspective (quoting Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000))).

Additionally, the Court does not find that Plaintiff falsely claimed that Florida state court had subject matter jurisdiction over copyright claims. In the Florida complaint, Plaintiff stated that the Florida court had "subject matter jurisdiction over this matter

because a pure bill of discovery falls within the equity jurisdiction of the County Court and the amount in controversy does not exceed $15,000" and that it seeks the third-party subpoena "so that Plaintiff may bring claims of copyright infringement against the Defendants." ECF No. 9-5 at 12, 16. In the corresponding MPA, Plaintiff argues that "a pure bill of discovery may seek the identities of future defendants of cases over which federal courts have exclusive jurisdiction." Id. at 8. The Court finds that Plaintiff clearly argued to the Florida court that subject matter jurisdiction was appropriate for a pure bill of discovery and that it intended to bring any subsequent copyright infringement suits in federal court. Thus, the Court finds Plaintiff did not make false statements to the Florida court regarding subject matter jurisdiction.

### 2.    Improper Use of Florida State Court

Defendant argues that Plaintiff's use of the Florida pure bill of discovery was improper because a reasonable attorney would know that the Florida court did not have subject matter jurisdiction and personal jurisdiction of a pure bill of discovery that involves copyright infringement and where Defendants are out-of-state residents. See Reply at 3–7. Amicus curiae makes a similar argument that Plaintiff misused Florida's pure bill of discovery and that "Florida law does not authorize what Strike 3 tried to do: use an equitable pure bill of discovery to obtain information from a non-party witness in order to build a case against a party not before the court." See Amicus at 12–15.

As discussed above, the Court does not find that Plaintiff misled the Florida court by making false statements regarding subject matter jurisdiction and personal jurisdiction. After reviewing Plaintiff's request for a third-party subpoena and corresponding MPA, the Florida court granted Plaintiff's request. Thus, the Florida court found that it did indeed have subject matter jurisdiction and personal jurisdiction and so Defendant's argument fails. To the extent that Defendant and amicus curiae are claiming that the Florida state court decided wrongly and are seeking relief in this Court, this federal Court is barred from

/ / /

/ / /

deciding such a claim. [2] See Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court."). Although Defendant and amicus curiae present valid arguments that a pure bill of discovery in Florida state court is not proper for a complaint whose underlying principal issue is copyright infringement or where information is sought from a third-party witness prior to bringing an action at law, those questions are for the state court to decide.[3] See Noel v. Hall, 341 F.3d 1148, 1160 (9th Cir. 2003) (noting that 28 U.S.C. § 1738, the Full Faith and Credit Act, "provides that the state 'judicial proceedings . . .  shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'").

Defendant's contention that Plaintiff improperly sought the third-party subpoena in Florida in order to obtain Defendant's identification to send a "demand" letter that "would coerce anyone to settle before a federal claim is brought" is also without merit. The demand letter is speculative and additionally, this Court added protective measures when it granted Plaintiff's ex parte application for expedited discovery, including that Plaintiff may not

---

[2] Admittedly, this Court is skeptical that personal jurisdiction is present in Florida when out-of-state IP addresses commit copyright infringement by accessing BitTorrent websites that happen to be accessible all over the world, including Florida, but whose victim is a citizen of Delaware and not Florida. See Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1215–16 (Fla. 2010) (finding personal jurisdiction under Florida's long-arm statute where out-of-state Defendant committed a tortious act within Florida by posting allegedly defamatory material about a *Florida* company on a website that was accessible and accessed in Florida (emphasis added)).

[3] But see Kirlin v. Green, 955 So. 2d 28, 29–30 (Fla. Dist. Ct. App. 2007) ("A pure bill of discovery, however, is not to be used to determine whether evidence exists to support an allegation, but rather to determine in the absence of an adequate legal remedy '*the identity of a proper party defendant* or the appropriate legal theory for relief.'" (quoting Trak Microwave Corp. v. Culley, 728 So. 2d 1177, 1178 (Fla. Dist. Ct. App. 1998) (emphasis added))).

engage in any settlement discussions with the subscriber unless and until the subscriber has been served with the complaint and other documents. ECF No. 5 at 9–10.

### 3.    Improper Action in this District Court

Regarding Plaintiff's actions in federal court, Defendant argues that Plaintiff was required to "describe 'all previous steps taken to locate the elusive defendant'" in its ex parte application for expedited discovery, but failed to include any mention of its prior action in Florida state court seeking Defendant's identity. Reply at 8–9 (quoting ECF No. 5 at 3). Plaintiff questions whether it needed to include this information in the ex parte application and that to the extent it was required, the reference to the Florida action in the complaint was sufficient. Oppo. at 12.

The Court agrees with Defendant that Plaintiff was required to inform this Court of the Florida action in its ex parte application for expedited discovery and that mentioning it in the complaint was not sufficient. See Young v. Chastain, No. CIV S031680 LKK KJMP, 2006 WL 2168178, at *2 (E.D. Cal. July 31, 2006), report and recommendation adopted, No. S03-1680 LKKKJMP, 2006 WL 2791029 (E.D. Cal. Sept. 27, 2006) ("[T]he court is not required to search the record to develop support for plaintiff's motion." (citing Schneider v. TRW, Inc., 938 F.2d 986, 990 n.2 (9th Cir.1991))). However, on the facts in this case, Plaintiff's error is not sufficient to quash the motion because it would not have changed the Court's ruling on the ex parte application for expedited discovery. See ECF No. 5 at 7 (finding that Plaintiff made a good faith effort to identify and locate the Doe defendant but was unable to obtain his/her identification). Had Plaintiff properly stated the details of the Florida action, including that when Defendant moved to quash the motion for lack of personal jurisdiction and lack of federal question jurisdiction, Plaintiff dismissed Defendant from the Florida complaint and so did not obtain Defendant's identifying information, then the Court would have known that Plaintiff was still in need of the Court's

/ / /

/ / /

/ / /

1  order for a subpoena to identify Doe Defendant.[4] Nevertheless, the Court admonishes

2  Plaintiff to include all required information in the motion that requires said information.

3  **IV.    <u>CONCLUSION</u>**

4  For the reasons stated above, the Court fails to find that Plaintiff engaged in

5  misconduct in seeking and obtaining a court order in Florida state court to subpoena Cox

6  Communication for Defendant's subscriber information using a pure bill of discovery.

7  Accordingly, Defendant's motion to quash is **DENIED**.

8  **IT IS SO ORDERED**.

9  Dated:  July 6, 2020

10

11  Honorable Linda Lopez
    United States Magistrate Judge

12

13

14

15

16

17  _____

18  [4] In a similar case in this District with the same Plaintiff, the magistrate judge noted the

19  complaint contained the following allegation that was not included in the motion for
    expedited discovery:

20
    In an effort to conserve Federal judicial resources, Strike 3 originally moved
21  to discover Defendant's identity utilizing a state court procedure in Florida
    where Strike 3's infringement detection servers are located. Defendant
22  objected asserting that the action is more properly litigated in the federal court
    of his or her domicile. Because Plaintiff is amenable to litigating the matter in
23  either forum, this suit was initiated[.]

24  <u>Strike 3 Holdings, LLC v. Doe,</u> No. 20-CV-00068-BAS-JLB, at *4, Dkt. 7 (S.D. Cal. Mar.
    18, 2020) (order denying ex parte application for expedited discovery). The Court denied
25  the motion for expedited discovery without prejudice because it appeared that "Plaintiff is
    aware of Defendant's identity or, at a minimum, may have an available mechanism to
26
    determine Defendant's identity." <u>Id.</u> at *4–5. The instant case is distinguishable because
27  Plaintiff has stated in its briefing for the motion to quash that Defendant moved to quash
    the Florida subpoena and "has not and will not reveal his or her identity." Oppo. at 12.
28